IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FLOYD D. WILSON, for himself
and all others similarly situated

Plaintiffs,

v.                                                          No. CIV 98-1580 JP/DJS

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

Defendant.

## MEMORANDUM OPINION AND ORDER

On January 29, 1999, Plaintiffs filed a Motion to Remand, (Doc. No. 6). I have determined that the Plaintiff's motion should be granted.

### Background

Plaintiff Floyd Wilson ("Wilson") filed this class-action lawsuit in New Mexico state court on behalf of himself and all other persons similarly situated. Wilson alleges that the Defendant charged premiums, finance charges, or fees beyond those agreed upon in Plaintiffs' insurance contracts with the Defendant, and Wilson seeks declaratory and injunctive relief, compensatory damages, exemplary damages and prejudgment interest. The Defendant removed this action to the United States District Court for the District of New Mexico, basing jurisdiction on diversity of citizenship. The parties stipulate that diversity of citizenship exists. However, the parties do not agree that the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332.

## Legal Standard

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing that the amount in controversy exceeds $ 75,000.00. *See Laughlin*, 50 F.3d at 873.

## Analysis

The Defendant argues that Wilson's individual claim exceeds $75,000.00 because the amount in controversy should be measured by the total amount of Wilson's potential disability benefits payable under the insurance policy, which exceeds $500,000.00. Defendant also claims that the Plaintiffs' requests for compensatory damages may be aggregated to satisfy the amount in controversy requirement because the Plaintiffs request certification as a class under the New Mexico equivalent to FED. R. CIV. P. 23(b)(1). Wilson alleges in his Complaint that the class consists of "hundreds of thousands" of people. Therefore, Defendant retorts that the amount in controversy would be satisfied even if each class member were to be awarded only one dollar. According to Defendant, the claims for punitive damages can also be aggregated, even if this Court determines that the Plaintiffs' claims for compensatory damages are separate and distinct. Defendant additionally insists that the amount in controversy is satisfied because it would cost more than $75,000.00 to comply with the requested injunction. Finally, the Defendant postulates that irrespective of the above arguments, this Court can retain jurisdiction over all individual

class member's claims that exceed $75,000.

*Removal to this court was improper*

*Laughlin* requires that this action be remanded to state court because Defendant failed to set forth in the Notice of Removal the underlying facts that support jurisdiction. "Where the face of the petition does not affirmatively establish the requisite amount in controversy, the plain language of *Laughlin* requires a removing defendant to set forth, in the Notice of Removal, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also underlying facts in support of the defendant's assertion." *Hughes v. E-Z Serve Petroleum Marketing Co.*, 932 F.Supp. 266, 268 (N.D. Okla. 1996).

In his Complaint, Wilson requests $419.10 plus prejudgment interest for illegal additional premiums, finance charges, or fees charged to and collected from him. The Complaint also asks that Defendant be ordered to pay similar types of damages for illegal charges made against every other class member. The Complaint seeks injunctive relief prohibiting Defendant from collecting illegal overcharges. Furthermore, the Complaint asks for an award of exemplary damages. The Complaint does not quantify the amount of the illegal premiums, finance charges, or fees Defendant allegedly owes to the other class members, or the cost of complying with injunctive relief. Without mentioning a figure, the Complaint seeks exemplary damages "in an amount to be determined at trial." Therefore, the allegations of the Complaint do not establish that the amount in controversy is more than $75,000.00.

Neither does the Defendant's Notice of Removal set forth underlying facts establishing that the amount in controversy exceeds $75,000.00. The only additional fact the Defendant alleged to support jurisdiction is that Plaintiff claims to be threatened with the loss of disability

3

coverage that could potentially provide Wilson in excess of $500,000.00 in benefits.

Courts have held that where the validity of the policy is at issue, the proper measure of damages is the face value of the policy. *See Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996); *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d. 93, 94 (11th Cir. 1996); *In Re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 503 (D.N.J. 1997). In this case, however, the Plaintiffs' claims are not about the validity of the policy. Instead, they are about overcharges the Defendant allegedly made. Wilson's Complaint requests only a refund to him of the alleged overcharges, $419.10, and not an award equal to the face value of the policy. Wilson referred to the policy merely to demonstrate the need for injunctive relief in this case. The Complaint stated that if injunctive relief is not granted, Wilson will be at risk of losing his policy because the Defendant has threatened to terminate it if Wilson does not pay the additional premiums, fees, or finance charges.

Defendant's recitation of facts in the jurisdictional brief supporting removal does not cure the defect in the Notice of Removal. *See Laughlin*, 50 F.3d at 873. Thus, this case must be remanded to state court for lack of jurisdiction

*Wilson's request for costs and attorney's fees*

Wilson also requests costs and attorney's fees under 28 U.S.C. § 1447(c). This Court has discretion to award costs and attorney's fees associated with an improper removal that was not attempted in good faith. *See Asten v. Southwestern Bell Tel. Co.*, 914 F.Supp. 430, 434 (D.Kan. 1996); *Amundson & Associates Art Studio, Ltd. v. National Council on Compensation Ins.*, 977 F. Supp 1116, 1128 (D.Kan. 1997). Defendant's brief presented valid jurisdictional arguments. For example, the Tenth Circuit has not addressed whether exemplary damages or the cost of

4

complying with injunctive relief can be aggregated to establish the amount in controversy. The removal appears to have been attempted in good faith and an award of costs and attorney's fees is not warranted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is GRANTED, but Plaintiff's request for costs and attorney's fees is DENIED.

_____
UNITED STATES DISTRICT JUDGE